On behalf of the people, Mr. Matthew J. Schnee. Good morning, counsel. Mr. Hildebrand? Thank you. Good morning, and may it please the court. My name is Jack Hildebrand, and I'm representing Ms. Vole Young in this case, defendant. Other crimes' evidence carries the risk that a jury will convict a defendant on a ground different than specific proof to the crime charge. And that's why we instruct the jury twice, once when evidence comes in, and again with the written instruction. In this case, we have the defendant that's charged with possession of cocaine, who is complaining about other crimes' evidence coming in that she possessed cocaine a few days or whatever it was before she was arrested in this case. For the court to tell the jury that it could use this prior possession evidence on the issue of possession did not limit that evidence in any meaningful way that I can see. And there is no statutory exception for other crimes' cases in drug cases. And there's no cases out there that I know of, drug cases, that says that you can use other crimes' evidence to prove possession. So there's no authority in Illinois addressing the use of possession in the limiting instruction in lieu of intent or constructive possession, is that what you're saying? You found no cases on that? I found no cases that said that other crimes' evidence can come in on the issue of possession. And that's what our complaint is here. But now, even if the jury wasn't correctly instructed on the other crimes' evidence, wasn't the jury instructed correctly on the definition of constructive possession, and wouldn't that have been sufficient to cure any defect in the limiting instruction? No, because if they were properly instructed, I would agree with this, on constructive possession, but if they're going to use that for constructive possession, then they're going to be able to use that prior possession to prove that she intended to exert control over that prior possession. How would you respond to this argument? Okay. Granted that there's an error in the instruction, but you've got the proper use of the evidence and the attorney's arguments. The court instructed the jury on the definition of constructive possession. So doesn't that minimize that? Well, the state made a propensity argument. In the closing argument? Yes. And the state has conceded that it did. So that doesn't help things. And I can understand why the state may have made that argument, because this is kind of confusing, if you start really thinking about it. And how is a jury supposed to handle it? But to allow this to come in like this. Well, the other crimes' evidence were her statements, right? Well, her statements are the ones that we're really concerned with. About her past views. Right. And you're suggesting that that evidence should have been excluded? I'm suggesting that that evidence should have been limited. What I'm arguing is that in this case, under the circumstances in this case, where you have possession of cocaine prior and charge of possession of cocaine and telling the jury that they can use it for possession of cocaine, denied her a fair trial. Well, the instruction that was given was knowledge and possession. There was no objection to the instruction at trial, correct? Correct. And the argument was that her past views established that she knew the cocaine was there, right? Isn't that what the argument was? Yes. One of the arguments. Your argument is that her admission that she had used and was using, not on that particular date, but she had in recent past views that cocaine was not relevant? No, I think given all this evidence. Of course it's not directly relevant. So the issue is whether or not should the jury be instructed as to how to consider that testimony, correct? Yes. And so you think the jury would have been, the parties would have been better served with no instruction at all on how to view that evidence? They would have been served the same, improperly. I mean, that's what I'm saying is that that instruction, that didn't limit this evidence at all, and it has to be limited. How can the state ever get over the hump of a balancing test that the evidence be, make sure that this evidence isn't substantially outweighed by its prejudicial effect, if the jury is going to use it on possession? Well, but there was other evidence besides this other crimes evidence, wasn't there, that went to her guilt? I mean, the defendant was seen parked briefly outside the house. She admitted she knew that Mallory was purchasing drugs. The drug, I'm sorry, the glove compartment was seen open. She saw him open and then shut the glove compartment, certainly allowing the inference that she knew that there were drugs in there. There was paraphernalia that was found in the vehicle. I mean, how, in view of this other evidence, can we look at it, if we're looking at plain error, to see that the evidence was closely balanced when we have all this other evidence? Sure. Well, her story is not just hanging out there all by itself without any cooperation at all. I mean, even part of the state's case cooperates her testimony. The detective testified that it was Mallory who went up to the house and came back. It was Officer Majak that testified that it was Mallory who slapped the glove compartment and shut, not the defendant, and the defendant consented to the search of her car. What about the evidence that wasn't there? We didn't have Mallory there to testify. We didn't have Vance there to testify. The crack pipe, that wasn't even tested for DNA. No fingerprint evidence was offered on any of the contraband found in the car. And, you know, a glass cutter wasn't found. I mean, as far as that tube that was found in the center of counsel, that's not even a crack pipe until you cut the end off and it's glass. That would have been nice for the state if the police had found that. But they had evidence of her guilt. I mean, if we were just to, for a second, believe that she was telling the truth when she testified, just for the moment, then a lot of this evidence falls into place. I mean, if Mallory is a heroin addict or a cocaine addict, what do addicts do? They use people. And from the facts of this case, it looks like he's using her. She has a job. She has money. She has a car. She's driving him around. She's letting him use the car whenever she wants. What does a drug addict do? I mean, if he's using her financially like that, isn't it reasonable that he would also use her for his own little personal drug mule? When it arises for him? We've got a two-pronged attack here. Granted, I mean, the state may argue that the problem with the instruction doesn't amount to reversible error. How does your point on the closing argument, can that be used to boost the other argument into a cumulative error scenario equivalent to reversible error? So how does your point on the improper argument tie into this? Well, first of all, this case heavily balanced. This was a big part of the case with the credibility determinations of Defendant v. Sterker, especially about these really other crimes evidence of possession. And we have the state in a case like that where it's so important, it's crucial, improperly bolstering the testimony of Sterker and the other police officers. In a case like that, where there is a real credibility determination to be made, and the state bolsters its own witnesses, that's just plainly unfair. And as far as the propensity argument, what's a jury supposed to do when they make this really strong propensity argument that's consistent with the improper instruction that they were to use that for possession? And I'd just like to make a quick comment about Mallory again, because why does he have cannabis in his pocket, but the cocaine's in the glove compartment? Well, who, what do drug addicts do? He takes, a drug addict would take that really high risk drug and get it off his person, first chance he has. Not necessarily. Of course not. Not if he wanted to have access to it later on and not have it pilfered by one of your companions. Right. If you know the drug culture. Sure. But this case, you know, the glove compartment still had immediate control. You're making an argument that, you know, do we have any business in re-weighing the evidence here? Well, I think the courts always have to, you know, re-weigh the evidence almost in every case that this court decides, especially if there's a harmless error analysis or a plain error analysis. So, you know, this court is used to doing that. And I know what I'm doing here. I'm just explaining that. If we were to take her word for it and believe her. That's what I'm talking about. Credibility. Right. And her credibility was unfairly attacked by bolstering the officers. Is there any issue here? That the argument to the jury that the officers wouldn't risk their careers is an improper argument. Yes. Decided by the Supreme Court, hasn't it? Yes, the Supreme Court. Yes. I cited it in the brief a while before the case. I forget the name of it. Right. You know, I think there's a real problem. I mean, if the state were, if this case is remanded for a new trial, it will give the trial judge an opportunity to properly do this. Maybe a motion to suppress. There was no motion to suppress in this case either, was there? No. Do we know why? No. To suppress which evidence? I'm not sure which evidence. What about the stop? Yeah. Improper stop. Prove the poison was true. Oh, she committed a violation. Of what? Of not turning on her signal. And that's when they called these people. So that was the essential reason for the stop was to suppress the violation? Yes. Okay. Right. So, if it is remanded, then the judge will have an opportunity to properly do it and do a balancing test and see what they can come up with. If the state, for that matter, or the judge, if these things are so intertwined, these concepts, that you can't pull away knowledge from possession, then the state has a big problem here. Because this kind of evidence doesn't come into cases ever. In Illinois, we've allowed them to come in under these limited circumstances, and they have to get over, they have to follow the rules. And if they can't split that apart, how is the state ever going to, in this type of case, under the exact facts that we have, get over the unfair prejudice part of the balancing test? Which the trial court didn't do. And also, if it's remanded, it will give the defendant an opportunity to present her case to a jury that has not been biased against her by an improper argument by the state. And it will give her a chance to present her case to a jury which she can be assured will not convict her based on a theory of propensity. In this case, that was completely wiped out by the instruction. Whether this evidence would come in under different theories or whatever, that's something for the trial court to decide. And that's something for the trial court to weigh. And like I said, if they can't pull that apart, they have to figure out some way of pulling it apart, because then our rules don't allow it to come in, if this is going to allow the jury to convict. Thanks. Thank you. We'll have time on the phone. Mr. Schmidt? Good morning, Your Honor, Mr. Counsel. My name is Matthew Schmidt, representing the people on this matter. There are two issues in this case, one of which is the other crime statements. The other is some improper bolstering by the prosecutor, which the state concedes that the police testimony was improperly bolstered. We do not concede that the assistant state's attorney made an improper propensity argument. In fact, I can quote her before the supposed improper propensity argument, saying, this is not the purpose of these statements to say, well, she did it before, she'll do it again. No. Specifically denying that these statements were being used as a propensity argument. So we do not at all concede that she made an illicit propensity argument in her law. Well, that calls into question when she says it's not being offered for that. Why even say that? Why not just argue what it is properly being offered for? To show the defendant's knowledge. I believe it was in response to defendant counsel saying they're showing these things just because they're saying she's a bad person, she did this before, she'll do it again. So it's invited comment. I believe so, yes. But wasn't that instruction at least confusing to the jury when it talked about how the other crimes evidence, the purpose for which other crimes evidence could be viewed and the word possession was in there? I would admit that it is not the best choice of words.  You can see how, I mean, arguably the jury could be confused. It doesn't say knowledge or intent or knowledge in constructive possession. It says possession, the element of the offense. Yes, Your Honor, but as you pointed out earlier, they were also properly instructed on constructive possession. Would intent have been a better word? Probably. However, they were properly instructed on constructive possession. As I believe Justice Burkett mentioned, it was not objected to at trial, nor was it brought up in any post-trial motion. And frankly, the evidence isn't that close. In order to believe the defendant's story, as the defense counsel said, we would have to believe that Mallory went in, got the drugs, got them back into her car without them noticing, and then somehow got them inside the glove box without her noticing whatsoever. Also, you would have to be pulling drugs out and putting them in the glove box while simultaneously for some reason shoving wads of cash into his pockets, presumably the same pockets in which the drugs were being stored. Furthermore, the defendant changed her story several times on the stand. At first she said, well, my boyfriend never opened the glove box. Then it was, well, he opened the glove box, but I didn't see it because the detectives were standing right next to my car. Meanwhile, all the detectives say is that Officer Bajack went and did the initial stop, and they didn't come over until they saw him struggling with Mallory, which would be supposedly after the defendant said that Mallory opened and shut the glove box. Now, if you get over the hurdle of the jury instruction on the plain error analysis on the basis that the evidence was overwhelming or the evidence was sufficient, what about this improper closing argument? And don't we get into what the case law is saying where you have compounded multiple errors might be enough, maybe one alone? You're not arguing and telling the jury that the police officers wouldn't risk their jobs in light of the Supreme Court decisions in Adams as a proper argument, is it? No. In our group, we consider that that wasn't properly bolstering. Okay. So now we've got compound errors there. There are two errors, but I don't think the errors in these cases reach the level of challenging the integrity of the judicial process or tipping the scales far enough to outweigh this not closely balanced evidence. Why not? Because the evidence isn't that close. In Adams, they said that the officers were risking their jobs, their freedom, their compatibility. And the Supreme Court mentioned that these were not the types of comments to kind of inflame jury passions. One of the cases that defendants cited for compound errors was they improperly bolstered some of the policemen, and then they talked about basically made it, won't somebody think of the children and the drug trade and all the poor addicted babies out there? And these errors aren't to the level of that where it's going to inflame the jury's passions so much that they're going to ignore instructions and kind of. The prosecutor obviously thought that credibility was important because of the overstepping the bounds and bolstering credibility. So why should we find that credibility wasn't important? The prosecutor saw it was important enough that he had to overreach and make that argument. Why can't we look at that and say credibility was at issue? It was a close call. It was dark outright when this transaction occurred. What time of day or night did this occur? I'm not sure. I don't know if it was in the record. It's in September. I don't recall if it was during the day or the night. I'm sorry. Is it solely plausible that somebody who's the driver of a car may not see what's placed in a glove compartment or what's not placed in a glove compartment? It's not implausible, but I think it's up to, as you said before, it's up to the jury as the finder of facts to make a determination. And they made a determination. And the improper bolstering error I don't think rises to the level of the ability to overturn them as the finder of facts in this case. And we also, as you said before, have the drug paraphernalia in the car, the cocaine itself. We have a smoking pipe in the glove box. We have two rose stems. Both apparently fake rose stems are used as these implements. One had already been cut and burned. So it's not like we're only relying on testimony of the witnesses in this case. And then, of course, we do have the other crimes of evidence, which is the main issue in this case. So I think really what we have here is a defendant who has waived their arguments both by not objecting at trial and by not bringing up a post-trial motion and hasn't really shown a claim that occurred because the evidence isn't that close. And the errors, even when combined, don't rise to the level of challenging the integrity of the judicial process. So for those reasons, unless there are any other questions, we ask that you please affirm the judgment of the court. Thank you. Thank you very much. Mr. Hildebrand? Well, I think the state did concede the improper propensity argument. I mean, it did. I mean, on page 8, it kind of cites it, and then it says, but the prosecutor refuted the propensity argument. Well, that's admitting that it was a propensity argument, and I don't see how that refuted it. And if it did cure it somehow, in the very next breath when the prosecutor said she knew that those drugs were in her car because of all the things that happened in the past, well, then she uncured it again. But we're stuck with that. Their main argument is clearly improper. Can you answer at what time of the day or night did this transpire? It happened in the afternoon, 3 o'clock or so. But I think the state's best argument is attacking the level of the state's case. I think that's where their strongest argument is, and they've made that argument. And they're talking about this glove compartment. But again, these are issues on the major points of the trial, her credibility. That's all she had. She had her word. That was her defense, her word and her credibility. And again, if we can just believe her for a moment, and if this guy is a heroin addict, and it was his cocaine, and he decides, well, you know, I got this cocaine. What I'm going to do is I'm going to put it in the glove compartment, and why not shove off some of that criminal responsibility to my girlfriend? It's her car. It's her glove compartment. And if he's doing that, he's going to do it covertly, because if the defendant was telling the truth that she didn't want to have anything to do with cocaine, doesn't use it, doesn't want it, then he's buying cocaine behind her back, and he's not going to put it in the glove compartment so she can see. So because her only defense was her word and her credibility, these things really struck at the heart of her case. All she wants to do, regardless of what the state thinks of her case,  is present this evidence to a jury that's not biased against her already by improper arguments, with the knowledge that she's not going to be convicted on propensity. And if we could just take a look at this other crimes evidence, too, I mean, I think that's important as well. This evidence, I mean, really, it's the equivalent of rape hearsay from an interested party. If the state were to try to prosecute the defendant for these alleged prior possessions, I mean, they had a real tough time getting over the corpus delicti requirement. These are just alleged statements that she possessed. There's no proof. There's no evidence. It's not like the contraband found on the car. On cross-examination, did she admit that she had made those statements? She stated that she did not tell the officers that it was cocaine. She said, I told them I went over there to buy cannabis. About her past use, did she deny those statements? Yes. Yes, she said that she had smoked cannabis. She said, I never said anything about cocaine. I never said anything about buying cocaine from vans. I said that I bought cannabis from vans. And I didn't tell the officers that I had smoked anything three days prior. I told them I had smoked cannabis like a week prior. So that was her story as far as those statements were concerned. She denied those. So this is a big credibility. That's why credibility was so important here. And the State kind of ruined that for her because the jury wasn't properly argued to that they should be believing these officers for whatever reasons they stated. You know, and we demerit that constructive possession. That was a proper, we have no problems with that. It's the use. And, you know, if actual possession was an issue here, which really probably is more relevant than constructive possession, the State fully and completely could have proved actual possession without resort to any other crimes evidence. There's no knowledge requirement for actual possession. You can possess, you can actually possess without having knowledge that it's even in your pocket. The way that the statute works, the possession, if the court, if the jury finds actual possession, then you go back to the issues instruction where it says, okay, it says we have to find that knowingly possessed. She knowingly possessed. Okay, so that means we have to find she knowingly actually possessed. That's how the state of mind element gets into it. But for a constructive possession, then in the, if you look at the possession instruction, then that's when there is a state of mind because they have to show that she intended to exert control over that. And that's what I've said before. That's a straight propensity argument. If this is a constructive possession case, then that's straight propensity. I mean, this is really an actual possession case, isn't it? She's sitting right there. It's within a few feet. She has immediate control over that. And the jury was instructed that two or more people who have, who are right there, immediate control, exclusive control, then they both have actual possession. Counsel, I would imagine your time is just about up. I'm not sure we had the timer on, but do you have any other points that you haven't made? We would just like to have the opportunity to have a trial in front of a jury and be able to present our case and to ensure that she has her day in court. Thank you. Thank you. The court will take the matter under advisement and render a decision in due court. The court stands in, is adjourned for the day. Thank you.